United States District Court
Middle District of Florida
Jacksonville Division

LASSE PITKANIEMI,

    *Plaintiff,*

v.

THOMAS RODENHAUSER ET AL.,          NO. 3:25-CV-1281-BJD-PDB

    *Defendants,*

&

KENNEDY RESEARCH REPORTS, LLC,

    *Nominal Defendant,*

---

RAMONE PARAM ET AL.,

    *Crossclaimants,*

v.

THOMAS RODENHAUSER,

    *Crossclaim Defendant.*

---

## Order

Through four motions totaling 74 pages, Tanisha Wright, Esquire, on behalf of her client, Lasse Pitkaniemi, moves under Rule 12(f), Federal Rules of Civil Procedure, to strike most of the defenses from four of the pleadings, Docs. 58–61, which has prompted four responses totaling 63 pages, Docs.

63–66. These types of motions are often called "time-wasters," a description that is apt here.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

By signing a paper submitted to a federal court, an attorney certifies that the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the … legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(1)–(2). A misrepresentation subjects the attorney to sanctions. Fed. R. Civ. P. 11(c). Furthermore, "[a]ny attorney … admitted to conduct cases in any [federal] court … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A pleading includes a complaint and an answer to a complaint. Fed. R. Civ. P. 7(a)(1)–(2). "In responding to a pleading, a party must: (A) **state in short and plain terms its defenses to each claim asserted against it**; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1) (emphasis added). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "**No technical form is required**." *Id.* (emphasis added). The party also "must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1). "An affirmative defense is

generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). A defense pointing "out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

Under Rule 12(f), Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But "[e]ven when allegations fall into one of the listed descriptions of matter that may be struck, a Rule 12(f) motion should be granted **only when the pleading to be stricken has no possible relation to the controversy** because Rule 12(f) is a **drastic remedy** to be resorted to only when required for the purposes of justice." *United States ex rel. Sedona Partners LLC v. Able Moving & Storage, Inc.*, 146 F.4th 1032, 1044–45 (11th Cir. 2025) (emphasis added; internal quotation marks and quoted authority omitted). "'[M]otions under Rule 12(f) are viewed with **disfavor** by the federal courts and are infrequently granted'; the moving party must show 'that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party[.]'" *Id.* at 1045 (emphasis added; quoting 5C *Wright & Miller's Federal Practice & Procedure* § 1380 (3d ed. May 2025 update)).

Wright, on behalf of Pitkaniemi, argues for this drastic remedy because the defenses are either not affirmative or "so devoid of facts that [Pitkaniemi] must guess as to the grounds on which the defenses rest." *See* Docs. 58, 59, 60, 61 at 2 (quoted). The purposes of justice are not served by striking the defenses. The defenses are stated in short and plain terms, the defenses sufficiently

3

relate to the claims, the defenses are worthy of consideration as defenses, and the presence of the defenses in the pleadings causes no prejudice to Pitkaniemi.

The motions, Docs. 58, 59, 60, 61, are **denied**.

**Ordered** in Jacksonville, Florida, on July 17, 2026.

*Patricia D. Barksdale*

Patricia D. Barksdale
*United States Magistrate Judge*

4